UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT LEISURE,

          Plaintiff,

vs.                                                  Case No. 5:09-cv-398-OC-MCR

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") on January 7, 2008, alleging he became disabled on December 29, 2007. (Tr. 148, 156). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (Tr. 112, 116, 124, 128). On July 16, 2008, a hearing was held before an Administrative Law Judge (the "ALJ"), who issued a decision on March 3, 2009, finding Plaintiff not disabled. (Tr. 9-17). The Appeals Council denied Plaintiff's request for review, thus

---

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 19).

making the ALJ's March 3, 2009 decision the final decision of the Commissioner.  (Tr. 1-3).  Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision.  (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Basis of Claimed Disability

Plaintiff claims to be disabled since December 29, 2007, due to bursitis, arthritis, depression, heart problems, and herniated and deteriorated discs.  (Tr. 177).

### B.   Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e),

416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 11).  At step two, the ALJ found Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease and mild scoliosis, depressive disorder not otherwise specified, and anxiety disorder not otherwise specified.  (Tr. 11-12).  At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of Regulation No. 4.  (Tr. 12-13).  The ALJ further determined Plaintiff had the residual functional capacity ("RFC")[2] to perform light work,[3] except:

---

[2] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations.  20 C.F.R. §§ 404.1545, 416.945.  The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation.  Id.

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.927(b).

> occasional balancing, stooping, kneeling, crouching and crawling, occasional climbing ramps/stairs but no climbing ladders, ropes, and scaffolds, with an option to sit/stand 30 minutes at a time, occasional, brief (up to 5-10 minutes at a time) task-focused contact with co-workers, supervisors and the general public, and work is limited to task-oriented activity.

(Tr. 13-15).

The ALJ then determined that Plaintiff was unable to perform any past relevant work.[4] (Tr. 16). However, based on testimony from a vocational expert (the "VE"), the ALJ determined that other jobs existed in significant numbers that an individual with Plaintiff's RFC, age, education, and work experience could perform. (Tr. 16-17). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 17).

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

---

[4] Plaintiff has a high school education and past relevant work as a chicken catcher, grill cook, laborer, and saw operator. (Tr. 178).

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff raises the following issues on appeal: (1) whether the ALJ properly considered the combined effects of Plaintiff's impairments; (2) whether the ALJ properly applied the pain standard and evaluated Plaintiff's credibility; and (3) whether the ALJ properly evaluated the potential functional limitations caused by Plaintiff's anxiety and depression. The Court will address each of these issues.

### 1. Whether the ALJ properly considered the combined effects of Plaintiff's impairments.

Plaintiff contends the ALJ failed to properly consider the combined effects of his impairments, specifically his "chronic pain syndrome." (Doc. 16, pp. 7-8). In response, the Commissioner argues the ALJ properly considered all of Plaintiff's impairments and was not required to discuss Plaintiff's "chronic pain syndrome." (Doc. 18, pp. 5-7).

The Court agrees with the Commissioners contention that the ALJ was not required to consider Plaintiff's "chronic pain syndrome," because Plaintiff never alleged this impairment before the Social Security Administration and failed to present any evidence that would have put the ALJ on notice of this impairment.[5] See Street v. Barnhart, 133 Fed. Appx. 621, 627-28 (11th Cir. 2005) ("[I]t has been persuasively held that an [ALJ] 'is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'"); see also 20 C.F.R. §§ 404.1512(a), 416.912(a) (requiring an ALJ to consider only impairments that a claimant alleges or about which the agency receives evidence).

Additionally, the record does not contain a diagnosis, nor mention Plaintiff exhibiting chronic pain syndrome. Therefore, regardless of whether or not the ALJ addressed Plaintiff's alleged chronic pain syndrome, the outcome would have been the same. See Caldwell v. Barnhart, 2008 U.S. Dist. LEXIS 348, at *3, 2008 WL 60289, at *2 (11th Cir. 2008) (holding an incorrect application of the regulation is harmless error when the correct application would not change the administrative outcome); Brueggemann v. Barnhart, 348 F.3d 689, 695 (8th Cir. 2003) (the harmless error inquiry involves determining "whether the ALJ would have reached the same decision denying benefits, even if he had followed the proper procedure ...").

---

[5]Plaintiff did not inform Social Security Administration of this alleged impairment in his Disability Reports (Tr. 176-84, 205-11, 215-21), Request for Reconsideration (Tr. 121), Request for Hearing (Tr. 132), or Request for Review of Hearing Decision/Order (Tr. 5). Additionally, Plaintiff did not allege or mention "chronic pain syndrome" during the administrative hearing (Tr. 20-67).

Accordingly, given the lack of evidence pertaining to Plaintiff's alleged chronic pain syndrome, the Court finds that Plaintiff's claim that the ALJ failed to consider it is due to be rejected.

### 2. Whether the ALJ properly applied the pain standard and evaluated Plaintiff's credibility.

Plaintiff contends substantial evidence supports his testimony regarding the severity of his pain; therefore, the ALJ erred in finding it not completely credible. (Doc. 16, pp. 7-16). In response, the Commissioner argues "[t]he question is not whether substantial evidence would support [Plaintiff's claims] ... [t]he question is does substantial evidence supports the [ALJ's finding] ..." Stanton v. Astrue, 617 F. Supp. 2d 1205, 1219 (M.D. Fla. 2008). (Doc. 18, p. 7). The Commissioner contends that substantial evidence supports the ALJ's credibility finding here. (Doc. 18, pp. 7-13).

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).[6] "[O]nce such an impairment is established, all evidence about the intensity,

---

[6]"Medical history and objective medical evidence such as evidence of muscle atrophy, reduced joint motion, muscle spasm, sensory and motor disruption, are usually reliable indicators from which to draw reasonable conclusions about the intensity and persistence of pain and the
(continued...)

persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." Foote, 67 F.3d at 1561.[7]  Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. Foote, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate

---

[6](...continued)
effect such pain may have on the individual's work capacity."  SSR 88-13.

[7] Social Security Ruling 96-7p provides, in relevant part:

2.  When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3.  Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4.  In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

explicit and adequate reasons for doing so." Id. at 1561-62.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  Id. at 1562.  The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.  Id.  The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case.  Id.  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote, 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court)).  Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding.  Foote, 67 F.3d at 1561.

     Here, the ALJ determined that "[Plaintiff's] medically determinable impairments could reasonably be expected to produce the alleged symptoms ... "  (Tr. 14).  Thus, the ALJ found that Plaintiff's impairments satisfied the pain standard.  See Holt, 921 F.2d at 1223.  However, the ALJ also determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 14).  Thus, the ALJ made a specific credibility finding that Plaintiff's subjective statements were not entirely credible.  See Foote, 67 F.3d at 1561.  The issue for the

Court to determine is whether the ALJ's credibility finding is supported by substantial evidence.

In determining credibility, the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p. In the instant case, the ALJ found Plaintiff's testimony not completely credible because it was inconsistent with the objective medical evidence, the opinions of treating and examining sources, and Plaintiff's daily activities. (Tr. 19).

With regard to the medical evidence of record, in November 2008, Dr. Charles M. Inbaraj determined that Plaintiff did not have muscle pain, weakness, or difficulty with ambulation. (Tr. 15, 535). Additionally, in March 2008, Dr. Mehmet S. Akaydin, Jr., examined Plaintiff and determined he was "[f]ully ambulatory without the need or utilization of any assistive device." (Tr. 15, 284). Although Plaintiff complained of left shoulder pain and arthritis (Tr. 31-32), Dr. Akaydin determined Plaintiff had "totally normal" muscle strength in all extremities and only "very subjective" reduced range of motion in his left shoulder (Tr. 281). Furthermore, Dr. Akaydin described Plaintiff as "extremely agile, limber[,] and nimble ... in all respects" (Tr. 281) and concluded the examination was "unremarkable at present time for ... overt potentially limiting deficits of any kind" (Tr. 284).

The ALJ also considered statements from medical sources regarding Plaintiff's functional abilities. (Tr. 14-15). As the ALJ noted, Drs. R. Bond, Hemantha Surath, and M. Brill each determined Plaintiff could perform medium work. (Tr. 287-94, 312-13, 527). Additionally, Dr. Akaydin concluded that Plaintiff should be "quite capable" of performing most work that is "at least minimally to mildly physically strenuous ... without any overt difficulty whatsoever." (Tr. 284). The ALJ further considered that Plaintiff did not consistently report pain to his medical providers,[8] Plaintiff received conservative treatment,[9] and Plaintiff did not appear to be in any "outward distress" at the hearing. (Tr. 14).

Therefore, given the medical evidence of record, Plaintiff's representations to health care providers, Plaintiff's conservative treatment, and his demeanor at the hearing, the Court finds the ALJ did not err in his determination that Plaintiff's complaints of pain were not entirely credible.

### 3. Whether the ALJ properly evaluated the potential functional limitations caused by Plaintiff's anxiety and depression.

Plaintiff argues the ALJ erred in finding he did not suffer from marked limitations due to his anxiety and depression.[10] (Doc. 16, pp. 9-18). In response, the

---

[8] Plaintiff denied having pain during mental health counseling and medication management appointments in December 2007 (Tr. 351), January 2008 (Tr. 347), April 2008 (Tr. 342) and November 2008 (Tr. 534).

[9] Plaintiff had not received physical therapy for his alleged back pain and his pain medications consisted of aspirin once daily and nonprescription Tylenol as needed. (Tr. 279).

[10] When evaluating a claimant who experiences mental impairments, the ALJ is required to rate the degree of functional limitations in these four different domains through a procedure referred to as the Psychiatric Review Technique Form ("PRTF"). 20 C.F.R. § 404.1520a. These four
(continued...)

Commissioner contends the ALJ properly determined Plaintiff's mental impairments caused only mild and moderate limitations. (Doc. 18, pp. 13-19).

Here, the Court agrees with the Commissioner's contention that the record as a whole supports the ALJ's determination that Plaintiff's depression and anxiety caused no more than "mild" limitations in Plaintiff's activities of daily living, "moderate" limitations in his social functioning, and "mild" limitations in maintaining concentration, persistence, and pace. Reviewing expert Dr. Robert Paul testified that Plaintiff's treatment notes "definitely" describe him as "stable" and "without significant problems." (Tr. 51). Dr. Paul also testified that Plaintiff was "generally depicted by the treating source as stable, and in no acute distress and with a non-depressed presentation." (Tr. 51). Dr. Paul further concluded that Plaintiff's treatment notes "reflect at time no more than mild symptoms and as much as moderate symptoms." (Tr. 45).

Plaintiff relies on Dr. William A. Shipley's opinions in support of his contention that he suffers from marked limitations due to his depression and anxiety. Although Dr. Shipley opined Plaintiff suffered from marked limitations in his activities of daily living and social functioning, and moderate limitations in maintaining concentration, persistence, or pace, he did not cite any objective medical evidence in support of his findings. See (Tr. 15, 305-07); 20 C.F.R. §§ 404.1527(d)(3),

---

[10](...continued)
domains are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). The degree of limitation in domains (1) through (3) is measured through use of the following five point scale: none, mild, moderate, marked, and extreme. Id.

416.927(d)(3); Freeman v. Barnhart, 220 Fed. Appx. 957, 960 (11th Cir. 2007) (recognizing an ALJ may discount a treating physician's opinion when it "is not accompanied by objective medical evidence" or "appears to be based primarily on the claimant's subjective complaints"). Additionally, Dr. Shipley later assessed that Plaintiff had no severe mental impairments and was not significantly limited by his impairments.[11] (Tr. 15); see 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (requiring an ALJ to consider the extent to which a medical opinion is consistent with the record).

Plaintiff also relies on the GAF score of 58 assigned by Jessica M. Huett, Psy.D., in support of his contention that he suffers from marked limitations due to his mental impairments. (Tr. 278). However, the GAF score assigned by Dr. Huett represents moderate, not marked, limitations. See Wilson v. Astrue, 653 F. Supp. 2d 1282, 1294-95 (M.D. Fla. 2009) ("A GAF score in the range of fifty-one to sixty indicates only 'moderate' symptoms or difficulties"). Additionally, the ALJ was not required to find Plaintiff disabled based on this GAF score. See Wind v. Barnhart, 133 Fed. Appx. 684, 692 (11th Cir. 2005) ("[T]he Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'").

---

[11] Although Dr. Shipley initially determined Plaintiff's mental impairments caused marked limitations (Tr. 305), he completed a second form nearly two months later in which he determined Plaintiff's mental impairments caused only "mild" (Tr. 522) limitations and were "not severe" (Tr. 512).

Plaintiff further contends the ALJ erred in failing to include the functional limitations caused by his mental impairments in his RFC determination. (Doc. 16, pp. 8, 17-18). Plaintiff is correct that the ALJ is required to conduct "a more detailed analysis" of the four categories listed in the PRTF when formulating the RFC and express Plaintiff's nonexertional capacity in terms of work-related function. Indeed, the Eleventh Circuit recently held that even though "the PRT and RFC evaluations are undeniably distinct, nothing precludes the ALJ from considering the results of the former in his determination of the latter." Winschel v. Commissioner of Social Sec., __ F.3d. __, 2011 WL 198372, *__ (11th Cir. Jan. 24, 2011) (internal citations omitted).

Here, the ALJ limited Plaintiff to work involving "occasional, brief (up to 5-10 minutes at a time) task-focused contact with co-workers, supervisors and the general public, and ... [only] task-oriented activity." (Tr. 13). As Plaintiff's RFC limits his social contact to occasional, brief task focused contact, the Court finds Plaintiff's moderate limitations in social functioning are adequately addressed. Therefore, the ALJ properly considered the limiting effects of Plaintiff's anxiety and depression and adequately incorporated them into his RFC.[12]

The ALJ asked the VE whether a hypothetical individual of Plaintiff's age and with his education, work experience, and physical and mental limitations could perform other work that exists in the national economy. (Tr. 60-61). The VE responded that the

---

[12] The ALJ determined Plaintiff suffered from only mild limitations in all areas except social functioning. (Tr. 13). As the hypothetical posed to the VE limits Plaintiff's social contact to occasional, brief task focused contact, the Court finds Plaintiff's moderate limitations in social functioning are adequately addressed.

individual could perform at least 695,000 jobs existing in the national economy. (Tr. 61). Given this testimony, substantial evidence supports the ALJ's conclusion that Plaintiff was capable of performing the mental requirements of other jobs existing in significant numbers in the national economy. (Tr. 16-17).

## IV. CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of March, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party